Opinion by
Will-son, J.

fTransferred from Austin.J

§ 369. Depositions; objections to form of, must be made before trial commences; case stated. Appellees brought this suit against J. W. Moore & Co., upon an account for merchandise sold said Moore & Co., alleging that the firm of Moore & Co. was composed of J. W. Moore, 0. B. Mason and appellant Miller. An attachment was sued out and levied upon land belonging to appellant. Prior to the suit, J. W. Moore & Co. made an assignment to one Hamilton for the benefit of consenting creditors. Appellant pleaded specially, under oath, that at the time the debt sued upon was contracted, he was not' a member of said firm of Moore & Co., and had not been* since that time, and that appellees had notice of that fact when they sold the merchandise to said Moore & Co-.- • Appellees recovered judgment for their debt against all the defendants, and the judgment also foreclosed the-attachment lien upon appellant’s land. The first error-assigned by appellant is the overruling of his objections-to the depositions of appellees’ witness, Craig. Held, not5 *322 error. The depositions had been filed in court more than one entire day before the trial commenced, and the objections were to the form thereof, were not filed and notice of the same not given to the opposite counsel until after the.trial had commenced. [R. S. ai’t. 2235.]
§ 3 7 0. Evidence; deed of assignment admissible; effect of assignment. Appellant offered in evidence the deed of assignment made by Moore & Co. to Hamilton. Upon objection made by appellees it was rejected. Held, the deed was admissible for two purposes: 1. To show the amount of assets and liabilities of Moore & Co., to prove that there were sufficient assets to satisfy all the indebtedness of the firm. 2. If the deed of assignment was made in accordance with the statute, it transferred to the assignee all the property subject to execution belonging to the firm, or any member thereof, whether said property was mentioned in the deed or not; and if appellant was a member of said firm,, and liable as such for appellees’ debt, they could not disregard the assignment and proceed to collect their debt by suit, but would be bound by the assignment, and the law governing in such cases. [R. S. Appendix, p. 5; Gen. Laws 18th Leg. p. 16; W. & W. Con. Rep. § 258.]
§371. Partnership; notice of withdrawal of member;, notice to agent is notice to principal, when. As to whether or not appellant was a member of the firm of Moore & Co. at the time the debt sued upon was contracted, there is a conflict of evidence. It is not denied, but expressly admitted by appellant, that shortly prior to that date, he was a partner in said firm; but he alleges, and there is evidence to support the allegation, that before this debt was created he sold out his interest, in the firm and retired therefrom. It is contended by appellees that even if this be true, he is still liable, because he did not notify therii that he had withdrawn from the firm. In answer to this, appellant proved that before the debt was contracted, one Coulson, a traveling agent or drummer of appellees, was notified that appel *323 lant had sold out his interest in the firm of Moore & Co. to Mason, and was no longer a partner in said firm. It was further proved that it was the business and duty of this agent to inquire into, and ascertain, the financial condition of appellees’ customers, and who composed the mercantile firms with whom they dealt, etc. Upon the question of notice, the court charged the jury as follows: “ If you believe from the evidence .that Miller did dissolve with J. W. Moore & Co., and that Mason notified the agent of plaintiffs of the dissolution, you should find for plaintiffs, unless you believe that defendants have proved that Ooulson, the agent, notified plaintiffs of such dissolution.” Appellant’s counsel requested the following charge, which was refused, viz.: “If the jury believe from the evidence that J. EL Miller had retired from the firm of J. W. Moore & Co. before this debt accrued, and that an agent of plaintiffs was orally notified of his thus retiring, before this debt accrued, then the jury will find for defendant Miller.” Neither the charge given, nor the one refused, present the law correctly. The correct rule is as follows: If the notice was given to an agent, it is not notice to the principal, unless it be shown that the authority of the agent extended to the acceptance of such notice. If, however, it be shown that the business, duty and authority of the agent extended to and embraced an inquiry into the financial condition of the persons and firms with whom his principal was dealing, as to ascertaining who were the members of such firms, etc., then notice of the dissolution of any such firm, communicated to such agent, orally or otherwise, would be notice to his principal. [Wade on Notice, § 502; Story on Agency, §§ 140, 141-.] The jury should have been instructed ih accordance with the law as above stated.
§ 37 2. Jurisdiction of county court; cannot foreclose attachment lien on ■ land. It was error to foreclose the attachment lien upon the land! It has been repeatedly held by this court, that the county court has no jurisdic *324 tion to render such, a judgment. [W. & W. Con. Rep. §§ 238, 673; ante, §$ 126, 302.]
October 25, 1884.
Reversed and remanded.